J-S13024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM BURDA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOROTHY BURDA | : | |
| | : | |
| Appellant | : | No. 1133 WDA 2018 |

Appeal from the Order Entered July 11, 2018
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  1121 for the year 2013

BEFORE:   BENDER, P.J.E., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                                  **FILED JULY 30, 2019**

Dorothy Burda ("Wife") appeals from the trial court's equitable distribution order filed July 11, 2018.  On appeal, Wife challenges various aspects of the equitable distribution decision.  Based on the following, we affirm in part and remand for further proceedings.

The parties are well aware of the facts and procedural history. Accordingly, we summarize as follows:  Wife married William Burda ("Husband") on November 4, 1967.  It was Wife's second marriage and Husband's first.  Wife had two children from her first marriage; there were no children born of this marriage.  The parties separated in August 2013, after Wife obtained a protection from abuse ("PFA") order against Husband.  The trial court entered the PFA order by consent without findings of fact.   Husband is currently 80 years of age and Wife is currently 81 years of age.  Both have

_____

* Retired Senior Judge assigned to the Superior Court.

various health problems; Wife's health problems being the more serious of the two. Throughout the marriage, Wife assumed total control of their finances; Husband has minimal knowledge of them.

Between May 2016 and April 2018, five hearings took place concerning equitable distribution. During the proceedings, Husband's counsel raised concerns about Wife's competence and the trial court ordered a mental health evaluation. *See* Trial Court Opinion, 7/11/2018, at 3. In accordance with the findings of the evaluation, the trial court allowed one of Wife's daughters to sit with her at the final hearing. *See id.* at 3-4.

On July 11, 2018, the trial court issued an equitable distribution order. Although the court found that Wife should receive a "greater proportion" of the distribution, it did not state any specific percentages. *Id.* at 7. Instead, the court noted that Wife had already taken approximately $51,000.00 of marital assets and, deeming that her "greater proportion" of the assets, proceeded to split the remainder 50/50. *Id.* at 7-8. Importantly, the trial court treated the two defined benefit pensions[1] that Husband accumulated during the marriage as monthly income to him, not as a marital asset and did not discuss them in the portion of its opinion dealing with equitable distribution. *See id.* at 4-8. Moreover, while granting Wife permanent

_____

[1] The trial court does not specify the type of pension. However, based upon our review of the certified record and the parties' briefs, it appears they are defined benefit. We note with dismay that there is no documentation of either pension in the certified record.

- 2 -

alimony, the trial court reduced it from the $557.00 Husband was paying in spousal support to $225.00 a month. *See id.* at 8. There is no discussion of how the court arrived at this figure. *See id.*

On August 8, 2018, Wife filed a timely notice of appeal. On August 9, 2018, the trial court directed Wife to file a concise statement of errors complained of on appeal. Wife filed a timely Rule 1925(b) statement on August 29, 2018. On September 20, 2018, the trial court issued an order adopting its July 11, 2018 opinion as its Rule 1925(a) opinion.

In her first issue on appeal, Wife argues that the trial court erred or abused its discretion "when it failed to identify and/or consider [Husband's] pension earned entirely during the marriage as a marital asset subject to equitable distribution[.]" Wife's Brief, at 6. For the reasons discussed below, we disagree.

The following principles govern our review:

> We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. We will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. When reviewing an award of equitable distribution, we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Hess v. Hess*, --- A.3d ----, 2019 WL 2334113, at *2 (Pa. Super. Jun. 3, 2019) (citations and quotation marks omitted).

Moreover, we have stated:

> A trial court has broad discretion when fashioning an award of equitable distribution. In making its decision regarding equitable distribution, the trial court must consider at least the eleven factors enumerated in 23 Pa.C.S.[A.] § 3502(a). However, there is no standard formula guiding the division of marital property and the method of distribution derives from the facts of the individual case. While the list of factors in Section 3502 serves as a guideline for consideration, the list is neither exhaustive nor specific as to the weight to be given the various factors. Accordingly, the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions.
>
> Section 3502 provides, *inter alia*, that upon request from either party in a divorce action:
>
>> the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors. The court may consider each marital asset or group of assets independently and apply a different percentage to each marital asset or group of assets.
>
> 23 Pa.C.S.[A.] § 3502(a). Among other factors, Section 3502 requires a trial court to consider the "sources of income of both parties, including, but not limited to, medical, retirement, insurance, or other benefits." 23 Pa.C.S.[A.] § 3502(a)(6).
>
> In Pennsylvania, [t]he amount of pension funds accrued during marriage is marital property and subject to equitable distribution. Additionally, this Court has repeatedly held that an asset awarded in equitable distribution may not be included in an individual's income for purposes of calculating support payments.

*Id.* at *3 (most quotation marks and most citations omitted).

Here, Husband's pensions were in pay status and had been for many years. Thus, throughout the proceedings, the court treated them as income and used them for the calculation of alimony and spousal support. *See* Trial

Ct. Op., at 2; *see also* N.T. Hearing, 5/23/2016, at 8, 17, 24. As noted above, the certified record does not contain any documentation regarding the pensions. Moreover, our review of the record does not show that Wife ever sought a valuation of the pensions, nor did she provide any evidence regarding the value of the pensions. Further, she never objected to the discussions of the pensions as income, and never in any way indicated to the trial court that she wanted the pensions treated as a marital asset rather than as income to Husband.

In his brief, Husband argues:

> As to the issue of the pensions in question, it is correct that both pensions are in pay status and have been as such for quite some time. It must be emphasized that these pensions are payable only during the life of the recipient. They terminate upon death of the recipient. In that sense, these pensions are not assets of definable wealth such as a 401K or an IRA with a defined cash liquidation value. Furthermore, they have been dealt with on the "income side" of the equation. [Wife] cannot have it both ways.

Husband's Brief, at 5. We agree. Throughout these proceedings, Wife has been content to have the pensions treated as income for purposes of calculating alimony and support. She cannot now complain, for the first time, that the trial court refused to treat it as an asset in equitable distribution. *See Hess*, *supra* at *3; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Wife's first issue lacks merit.

In her second claim, Wife contends that the trial court erred and abused its discretion in awarding her alimony in a lesser amount than the spousal

support Husband previously paid her. Wife's Brief, at 6. For the reasons discussed below, we are constrained to remand for further proceedings.

"Our standard of review over an alimony award is an abuse of discretion." **Gates v. Gates**, 933 A.2d 102, 106 (Pa. Super. 2007). Section 3701(b) of the Divorce Code states:

> In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:
>
> > (1) The relative earnings and earning capacities of the parties.
> >
> > (2) The ages and the physical, mental and emotional conditions of the parties.
> >
> > (3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
> >
> > (4) The expectancies and inheritances of the parties.
> >
> > (5) The duration of the marriage.
> >
> > (6) The contribution by one party to the education, training or increased earning power of the other party.
> >
> > (7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.
> >
> > (8) The standard of living of the parties established during the marriage.
> >
> > (9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.
> >
> > (10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b). "To determine whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider **all** relevant factors, including the 17 factors that are expressly mandated by statute." *Lawson v. Lawson*, 940 A.2d 444, 447 (Pa. Super. 2007) (emphasis in original).

Here, we have scrutinized the trial court's decision and are simply unable to determine the basis of its decision to cut the amount of money Wife receives

each month by more than 50 percent. The decision is particularly perplexing given the trial court's expressed concern about Wife's loss of health insurance and her inability to obtain the long-term care insurance that the parties purchased for Husband during the marriage. The lack of a more complete explanation of the facts, upon which the court relied to reach its decision, severely impedes our ability to review Wife's appeal on this issue and determine if the court has complied with the requirements of 23 Pa.C.S.A. § 3701(b).

Accordingly, we affirm on Wife's first issue, and remand this case to the trial court to issue a more detailed explanation of the reasons for its decision, and the facts relied upon to reach that decision with respect to alimony, within 30 days of the receipt of the certified record. In particular, we direct the court to explain its decision to reduce the amount of alimony Wife receives accords with its expressed concerns about health insurance and Wife's lack of long-term care insurance.

Case affirmed in part, and remanded for further proceedings consistent with this Memorandum. Panel jurisdiction retained.